Filed 8/13/26  Cox v. Allstar Financial Services CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ALVIN COX,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALLSTAR FINANCIAL SERVICES, INC.,<br><br>    Defendant and Respondent. | B337213<br><br>(Los Angeles County Super. Ct. No. 21SMCV00756) |
| ALVIN COX,<br><br>    Cross-complainant and Appellant,<br><br>v.<br><br>ALLSTAR FINANCIAL SERVICES, INC. et al.,<br><br>    Cross-defendants and Respondents. | |

APPEAL from a judgment and an order of the Superior Court of Los Angeles County, Helen Zukin, Mark A. Young and Daniel M. Crowley, Judges.  Affirmed.

Law Offices of Christopher R. Kelley and Virginia Ashley Clinkenbeard for Plaintiff, Cross-complainant and Appellant.

Buchalter, Robert M. Dato, Jason E. Goldstein, and Adeline R. Tungate for Defendant, Cross-defendant and Respondent.

—————————————————

## INTRODUCTION

Alvin Cox sued Allstar Financial Services, Inc., alleging Allstar violated Civil Code section 2924m by not accepting his bid on a residential property at a foreclosure sale.[1]  The trial court granted Allstar's motions for summary judgment on Cox's complaint and on Cox's cross-complaint in a related action, ruling Cox's bid did not satisfy the requirements of section 2924m.  We affirm.

## LEGAL, FACTUAL, AND PROCEDURAL BACKGROUND

### A.    *Section 2924m*

The Legislature enacted section 2924m during the COVID-19 pandemic out of concern "widespread job loss and financial distress" would cause many California homeowners to default on their home loans.  (Sen. Rules Com., Off. of Sen. Floor

---

[1]    Undesignated statutory references are to the Civil Code.

Analyses, Analysis of Sen. Bill No. 1079 (2019-2020 Reg. Sess.) as amended Aug. 24, 2020, p. 3.)  Section 2924m was "one of a trio of provisions intended to mitigate against blight, vacancy, and the transfer of residential property ownership from owner-occupants to corporate landlords in the event that California experiences a wave of foreclosures."  (Analysis of Sen. Bill No. 1079, at p. 1.)

"Generally, a trustee's sale (that is, a foreclosure sale) is deemed complete and final when the last and highest bid is accepted at the trustee's public auction of the property subject to foreclosure."  (*Applegate v. Carrington Foreclosure Services, LLC* (2025) 112 Cal.App.5th 356, 360; see § 2924h, subd. (c) ["the trustee's sale shall be deemed final upon the acceptance of the last and highest bid"].)  Effective January 1, 2021, section 2924m established "an alternative process" for foreclosures on residential properties containing one to four units.  (Legis. Counsel's Dig., Sen. Bill No. 1079, Stats. 2020 (2019-2020 Reg. Sess.), ch. 202, pp. 1-2.)

Section 2924m provides the sale of a property containing one to four residential units is final at the public auction only if the last and highest bidder is "a prospective owner-occupant," that is, a person who, among other requirements, will "occupy the property as [his or her] primary residence within 60 days of the trustee's deed being recorded" and maintain that occupancy "for at least one year."  (§ 2924m, subd. (a)(1).)[2]  If the last and highest bidder is not a prospective owner-occupant, certain "eligible bidders" have a brief period after the trustee's sale to submit bids matching or exceeding the highest bid at the auction.

---

[2]     We cite the current version of section 2924m.  The version of the statute in effect in 2021 differed from the current version in ways not material to this appeal.

"Eligible bidders" include (1) an "eligible tenant buyer" who at the time of the trustee's sale occupies the property as his or her primary residence; (2) a "prospective owner-occupant," and (3) an "eligible nonprofit corporation" that develops and preserves affordable housing.  (*Id.*, subd. (a)(1)-(3).)

Under section 2924m the trustee's sale "shall not be deemed final until the earliest of the following": (1) 15 days after the trustee's sale unless an eligible tenant buyer or other eligible bidder submits a bid or a written notice of intent to bid (*id.*, subd. (c)(2)); (2) the date a representative of all eligible tenant buyers submits a bid in the form of cash or a cashier's check (*id.*, subd. (c)(3)(A)); or (3) 45 days after the trustee's sale, "except that during the 45-day period, an eligible bidder may submit to the trustee a bid in an amount that exceeds the last and highest bid at the trustee's sale, in the form of cash, a cashier's check drawn on a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state" (*id.*, subd. (c)(4)(A)).

Thus, a "prospective owner-occupant" has up to 15 days after the trustee's sale to submit a written notice of intent to bid, and up to 45 days after the sale to submit a bid in the form of cash or a cashier's check.  (§ 2924m, subd. (c)(4)(A).)  The bid must be accompanied by an affidavit or declaration "identifying the category . . . to which the eligible bidder belongs and stating that the eligible bidder meets the criteria for that category."  (*Id.*, subd. (c)(4)(A)(ii).)

4

B.    *Allstar Forecloses on a Deed of Trust*

In October 2018 LDM-PP, LLC executed a promissory note in the amount of $1,745,000 in favor of Allstar.  The note was secured by a deed of trust on a residential property in Los Angeles.  Allstar assigned its interest as beneficiary to a group of investors but remained the trustee.  LDM-PP demolished the existing house and began building a new structure, completing the foundation and wooden siding before defaulting on the loan.

In September 2020 Allstar recorded a notice of default.  On December 31, 2020 Allstar recorded a notice of trustee's sale.  On March 4, 2021 the beneficiaries of the deed of trust (i.e., the investors) purchased the property for $364,770 at the trustee's sale.  On March 9, 2021 Allstar recorded a trustee's deed upon sale.  On March 12, 2021 Allstar accepted an offer by Gregory Demos to purchase the property for $1,650,000.[3]

C.    *Cox and Sunrise Projects, LLC Attempt To Bid Under Section 2924m*

Allstar concluded section 2924m, which had been effective for two months, did not apply to the property because it was "an incomplete project" that did not contain "one to four units."  After Allstar recorded the trustee's deed upon sale, however, two potential buyers sent notices under section 2924m.  On March 14, 2021 Cox sent Allstar a notice of intent to bid, which Allstar received on March 17, 2021.

---

[3]    Allstar's senior underwriter testified at least 51 percent of the investors had to approve the sale to Demos before it could proceed.

5

On March 25, 2021 Cox wrote Allstar saying he had not received a copy of Allstar's "rules for bidding on the property" and asking questions, including whether Allstar had "received and accepted [his] notice of intent to place a bid." On March 29, 2021 Cox wrote Allstar: "This is [a] formal bid for the property . . . pursuant to [section] 2924m in the amount of Three Hundred Sixty-Nine Thousand Seven Hundred Seventy Dollars ($369,770)." Cox stated that he was an "Eligible Bidder" under section 2924m, subdivision (a)(3)(B), and that he met the criteria for a prospective owner-occupant. Cox further stated: "I hereby tender cash in the full amount of the bid." At the bottom of the letter Cox stated: "I certify that the information above is true and correct under the penalty of perjury." Cox did not submit cash or a cashier's check.

Meanwhile, on March 17, 2021 Sunrise Projects, LLC sent Allstar a notice of its intent to bid on the property as a nonprofit corporation "'whose primary activity is the development and preservation of affordable rental housing.'" On April 13, 2021 Sunrise sent a letter instructing Allstar to bid on the property at the amount of $365,000, an affidavit of eligible bidder status, and a cashier's check in the amount of $365,000.

On March 30, 2021, in "view of the two notices of intent to bid Allstar received and the possibility that a mistake of law had resulted in a sale which did not comply with the newly passed [section 2924m]," Allstar recorded a notice of rescission of trustee's deed upon sale. On April 2, 2021 the investors substituted a law firm as the new trustee and recorded a new notice of trustee's sale to take place on April 28, 2021. On April 14, 2021 counsel for Allstar sent Cox a letter stating that counsel was writing because Cox submitted a notice of intent to

bid; that "any previous notices of intent to bid were invalid" because the property was "not capable of being used as a primary residence within 60 days of recording of the [trustee's deed upon sale,] which is an essential requirement of" section 2924m; that the trustee's deed upon sale was rescinded; and that a new trustee's sale was scheduled for April 28, 2021.  Counsel for Allstar invited Cox "to attend the new auction to bid on the Property as the property is ineligible for bidding after the foreclosure sale as it remains uninhabitable and incapable of being used as a primary residence."

D.    *Cox and Sunrise Sue Allstar*

On April 23, 2021 Sunrise sued Allstar, and on April 28, 2021 the trial court granted Sunrise's application for a temporary restraining order enjoining the trustee's sale.  On May 26, 2021 the court issued a preliminary injunction.

On June 7, 2021 Cox filed this action against Allstar.  In his operative first amended complaint Cox asserted causes of action for violation of section 2924m, declaratory relief, unfair competition in violation of Business and Professions Code section 17200 et seq., and injunctive relief.  In October 2021 Cox filed a cross-complaint against Allstar, Sunrise, and Demos in Sunrise's lawsuit.  The trial court consolidated the two cases.[4]

E.    *The Trial Court Grants Allstar's Motion for Summary Judgment on Cox's Complaint*

In August 2022 Allstar moved for summary judgment on Cox's complaint.  Allstar argued that section 2924m did not apply

---

[4]    Sunrise and Demos are not parties to this appeal.

7

to residential units under construction.  Allstar also argued Cox was not an eligible bidder under section 2924m because he could not have occupied the property within 60 days of the trustee's sale and because his bid did not include a tender of funds. Finally, Allstar argued Cox's other causes of action were derivative of his cause of action under section 2924m.

In opposition to the motion Cox argued that section 2924m applied to any property containing one to four residential units, "regardless of the construction status of those units," and that he was a contractor who planned to complete the construction and occupy the property within 60 days.  Cox also argued Allstar made tender futile by "deeding the property to itself."

In reply Allstar argued section 2924m, subdivision (c)(3), required a bidder to submit cash or a cashier's check within 45 days of the trustee's sale, which Cox never did.  Allstar also argued Cox's behavior in sending follow-up instructions on his intent to bid was "not consistent with his claim that tender would be fruitless."

The court granted Allstar's motion for summary judgment. The court stated it did not have to decide whether section 2924m applied to the property because, even if it did, Cox did not satisfy "the requirements to purchase the property set forth in section 2924m."  The court stated section 2924m "requires an eligible bidder to tender a bid which includes the full amount of a higher bid in cash or cashier's check within 45 days of the date of sale."  The court stated that, because Allstar presented "evidence that [Cox] did not comply with the tender requirements of section 2924m, the burden shifted to [Cox] to show a triable issue of material fact as to the futility of such tender."  The court ruled that Cox did not meet his burden and that Cox's other causes of

action were based on Allstar's alleged violation of section 2924m. The court entered judgment for Allstar.[5]

Cox filed a motion for a new trial under Code of Civil Procedure section 657. Cox also filed motions for leave to amend his complaint and his cross-complaint to allege it would have been futile for Cox to tender a cashier's check. The trial court denied Cox's motions.

F. *The Trial Court Grants Allstar's Motion for Summary Judgment on Cox's Cross-complaint*

In December 2022 Allstar moved for summary judgment on Cox's cross-complaint. Allstar argued, as it had in its motion for summary judgment on Cox's complaint, that Cox could not have occupied the property within 60 days and that section 2924m did not apply because the property did not contain any residential units. Allstar also argued "Cox's notice of intent to bid *did not include tender of funds* in the form of either . . . cash or [a] cashier's check," unlike Sunrise's notice of intent to bid, which "included a cashier's check."

In opposition to the motion Cox again argued that section 2924m applied to a residential property under construction, that he could occupy the property within 60 days, and that tender of actual funds was unnecessary because "it was reasonably certain" Allstar would not accept Cox's payment. He also argued that, under Code of Civil Procedure section 2074, his March 29, 2021 bid "was the same as 'actual production' of the

---

[5]     We dismissed Cox's appeal from the judgment as an appeal from a nonfinal judgment (Cox's cross-complaint in the consolidated action was still pending). (*Cox v. Allstar Financial Services, Inc.* (July 18, 2023, B327831).)

9

'money' to be paid" because Allstar did not accept Cox's offer and that, under Code of Civil Procedure section 2076, Allstar waived any objection to Cox's bid by not objecting at the time of tender.

The trial court granted Allstar's motion for summary adjudication on Cox's cause of action for quiet title. The court ruled that, because it previously ruled Cox did not satisfy the requirements of section 2924m, Cox was collaterally estopped from relitigating that issue. The court entered judgment for Allstar, and Cox timely appealed from the now-final judgment.

## DISCUSSION

A. *Applicable Law and Standard of Review*

"'"A motion for summary judgment or summary adjudication is properly granted only when 'all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"'" (*Nargizyan v. State Farm General Ins. Co.* (2026) 120 Cal.App.5th 581, 593; see Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) "'A defendant seeking summary judgment must show that the plaintiff cannot establish at least one element of the cause of action.'" (*Fajardo v. Dailey* (2022) 85 Cal.App.5th 221, 225; see *Regents*, at p. 618.) "'Only after the defendant carries that initial burden does the burden shift to the plaintiff "to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto."'" (*Campbell v. FPI Management, Inc.* (2024) 98 Cal.App.5th 1151, 1162.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the

10

underlying fact in favor of the party opposing the motion . . . ." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850; see *Landis' Labyrinth, Inc. v. Whitaker* (2025) 116 Cal.App.5th 724, 735.)

"""""We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained."" [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party."""" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; see *Wawrzenski v. United Airlines, Inc.* (2024) 106 Cal.App.5th 663, 684.)

> B. *The Trial Court Did Not Err in Granting Allstar's Motion for Summary Adjudication on Cox's Cause of Action for Violation of Section 2924m*

As discussed, section 2924m states a prospective owner-occupant may submit a bid "in the form of cash [or] a cashier's check" from a bank, credit union, or certain other financial institutions. (§ 2924m, subd. (c)(4)(A).) Allstar met its initial burden on summary judgment by showing Cox never submitted cash or a cashier's check, a fact Cox does not dispute. Cox offers several theories why he nonetheless complied with section 2924m, but none of his arguments created a triable issue of material fact.

1. *Cox Did Not Create a Triable Issue of Material Fact Regarding Whether It Was Futile To Submit Cash or a Cashier's Check*

Cox argues he created "a triable issue of fact regarding the futility of strict tender, precluding summary judgment." He argues "physical tender would have been futile" because "Allstar had objectively repudiated the section 2924m process long before Cox submitted his formal bid." Cox relies on section 3532, which states: "The law neither does nor requires idle acts." Consistent with this "maxim of jurisprudence," courts have held offering payment may be futile if "'it is certain that the offer . . . will be refused.'" (*Myerchin v. Family Benefits, Inc.* (2008) 162 Cal.App.4th 1526, 1537, disapproved on another ground in *Village Northridge Homeowners Assn. v. State Farm Fire & Casualty Co.* (2010) 50 Cal.4th 913, 929, fn. 6; see *Hossom v. City of Long Beach* (1948) 83 Cal.App.2d 745, 750 ["Where a tender is necessary to the establishment of a right against a party it becomes unnecessary when it is reasonably certain that the payment will not be accepted."].)

Cox argues several acts by Allstar created a triable issue of material fact regarding whether Allstar would have rejected cash or a cashier's check from him. First, Cox argues that, by prematurely recording a trustee's deed upon sale on March 9, 2021, only five days after the auction, "Allstar demonstrated that it would not honor any subsequent eligible bids." Second, Cox argues "Allstar entered into a binding contract to sell the property" on March 12, 2021, placing Allstar "in a position where it could not perform its statutory obligations because it had already contracted to sell the property to Demos." Third, Cox argues his "written inquiries about bidding procedures received

12

no response, indicating Allstar's non-participation in the [section] 2924m process." Cox cites his March 25, 2021 letter to Allstar, in which he asked seven questions, including whether Allstar had "received and accepted [his] notice of intent to place a bid," whether Allstar would inform eligible bidders of the "highest current bid in order to submit a higher bid," and whether Allstar would close bidding on the forty-fifth day (which was a Sunday) or "on the next business day pursuant to [section] 9."

To be sure, Allstar's conduct in the week following the auction, when Allstar recorded a trustee's deed and entered into a contract to sell the property, showed Allstar was treating the trustee's sale as final and was not waiting for bids under section 2924m. But Allstar's actions did not make it reasonably certain that, if an eligible bidder sent a bid, in the form of cash or a cashier's check, that complied with all the requirements of section 2924m, Allstar would not have concluded section 2924m applied and accepted the bid. Indeed, Cox's decision to submit a bid on March 29, 2021 showed he did not believe that act was futile. Cox does not explain why Allstar's conduct made it futile to submit cash or a cashier's check, but not futile to submit a bid complying with other statutory requirements, such as the affidavit Cox provided stating he met the criteria for a prospective owner-occupant (see § 2924m, subds. (a)(1)(B), (c)(2)(B)).

Nor did Allstar's failure to respond to Cox's letter (which Cox sent only four days before he submitted his bid) make it reasonably certain Allstar would not accept payment under section 2924m. Cox's letter did not ask whether Allstar would accept a bid under section 2924m; to the contrary, Cox's letter assumed Allstar would accept bids and asked about the details of

13

the bidding process. In sum, Cox has not cited any evidence that, at the time he submitted his bid, it was reasonably certain Allstar would not accept Cox's payment. (See *Myerchin v. Family Benefits, Inc., supra*, 162 Cal.App.4th at p. 1537 [where the plaintiff "made no affirmative effort at all to effect a rescission, his contention that it would have been 'futile' to tender restoration of the settlement money [was] entirely speculative" and did not "defeat summary judgment"]; cf. *Sutherland v. Barclays American/Mortgage Corp.* (1997) 53 Cal.App.4th 299, 313 [where a lender returned a borrower's monthly payment, "informed her that such 'partial' payments would not be accepted, and declared her in default," the borrower's obligation "to continue making regular monthly payments" was excused as futile]; *Beck v. Weather-Vane Corp.* (1960) 185 Cal.App.2d 688, 695 [after the plaintiff gave notice of rescission of a release, the "defendants were not thereafter obligated to make a tender of the $500 for they were not required to do an idle act"].)

Cox also relies on two events that occurred in April 2021. First, Cox argues Allstar returned Sunrise's cashier's check, "establishing a pattern of categorical rejection." Second, Cox argues Allstar dissuaded him from submitting cash or a cashier's check by sending him a letter stating the property "was 'ineligible for bidding'" under section 2924m. Because Cox submitted his bid on March 29, 2021, neither Allstar's April 14, 2021 letter nor Allstar's act of returning Sunrise's cashier's check (which happened no earlier than April 15, 2021, when Allstar received Sunrise's bid) could have induced Cox not to submit cash or a cashier's check. (See *Hoppin v. Munsey* (1921) 185 Cal. 678, 685 ["The want of a formal tender is excused when the person who should have made it is induced not to do so by any act of the

14

other party 'naturally tending to have that effect, *done at or before the time at which such performance or offer may be made.*'"], italics added; *Guerin v. California Western States Life Ins. Co.* (1964) 229 Cal.App.2d 325, 334 [same]; see also § 1511(3).)

Relying on *Hoppin v. Munsey*, *supra*, 185 Cal. at page 685, Cox argues that, because Allstar sent its April 14, 2021 letter "before [the] statutory bid deadline" (45 days after the March 4, 2021 trustee's sale), the letter was an act "done 'before the time at which such performance . . . may be made.'"[6] But Cox did not argue or submit any evidence he intended to send Allstar cash or a cashier's check to supplement his incomplete bid but changed his mind after he received Allstar's April 14, 2021 letter.

Cox also argues that he did not need to prove Allstar "specifically and subjectively 'induced' [him] into believing he did not need to tender." Instead, Cox argues, courts should apply an "objective standard" and consider "whether the obligee's observable conduct makes it clear that tender will be rejected, regardless of subjective 'inducement.'" Cox relies on *Cohen v. Marshall* (1925) 197 Cal. 117, where the Supreme Court held a lender could bring an action on a note rather than foreclosing on a mortgage where the security for the mortgage—a crop of peas—was destroyed by rain and pests. (*Id.* at pp. 122-123.) The Supreme Court stated that, "in case of a failure or destruction of the security, without the fault of the mortgagee, the mortgagee will not be restricted to a procedure which manifestly must prove to be vain and idle." (*Id.* at p. 123.) Cox also relies on *Hossom v.*

---

[6] Elsewhere in his reply brief Cox states "the futility analysis . . . must be assessed at the time performance was due (March 29, 2021)," the date he submitted his bid.

15

*City of Long Beach*, *supra*, 83 Cal.App.2d 745, where taxpayers whose property was sold for delinquent taxes offered to pay all delinquent taxes and penalties to redeem the property, but the tax collector "refused to tell the [taxpayers'] agent the amount required" and said "that he would not accept payment and that he could not do so because the right to redeem had been terminated by resolution . . . ." (*Id.* at pp. 749-750.) Cox quotes *Hossom* for the proposition "[w]here a tender is necessary to the establishment of a right against a party it becomes unnecessary when it is reasonably certain that the payment will not be accepted." (*Id.* at p. 750.)

The problem for Cox is that, even under what he describes as the "objective" standard articulated in *Hossom* and *Cohen*, he did not create a triable issue of material fact regarding futility. As discussed, Cox did not show (or create a triable issue of material fact regarding whether) it would have been "vain and idle" (*Cohen v. Marshall*, *supra*, 197 Cal. at p. 123) to submit cash or a cashier's check with his bid. Nor did Cox show it was reasonably certain, when Cox submitted his bid, Allstar would not accept his payment. (See *Hossom v. City of Long Beach*, *supra*, 83 Cal.App.2d at p. 750.)

2. *Cox Did Not Create a Triable Issue of Material Fact Regarding Whether He Substantially Complied with Section 2924m*

Cox argues he "substantially complied with the statutory requirements" by "unequivocally" stating in his bid, "I hereby tender cash in the full amount of the bid, Three Hundred Sixty-Nine Thousand Seven Hundred Seventy Dollars ($369,770)." Cox forfeited this argument by not raising it in opposition to Allstar's

16

motion for summary judgment. (See *Kime v. Dignity Health, Inc.* (2024) 101 Cal.App.5th 708, 721 [by not raising arguments in opposition to a motion for summary judgment, the appellants forfeited the arguments on appeal]; *Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26 Cal.App.5th 125, 155 ["arguments not raised in summary judgment proceedings" are forfeited].)

Forfeiture aside, the argument is meritless. Even if strict compliance with section 2924m is not necessary,[7] Cox did not substantially comply. "'"Substantial compliance . . . means *actual* compliance in respect to the substance essential to every reasonable objective of the statute,' as distinguished from 'mere technical imperfections of form.'"'" (*The Chemical Toxin Working Group, Inc. v. The Kroger Co.* (2026) 120 Cal.App.5th 276, 289; see *Applegate v. Carrington Foreclosure Services, LLC*, *supra*, 112 Cal.App.5th at p. 367.) "'"[E]ach objective or purpose of a statute must be achieved in order to satisfy the substantial compliance standard,'"' but "'"'actual compliance" with every specific statutory requirement'"' is not required." (*Chemical Toxin Working Group*, at pp. 289-290.)

Cox argues his bid accomplished the "core purpose" of section 2924m: "identify[ing] the highest eligible bidder who possesses the financial capacity to purchase the property." Cox's bid stated the amount of his bid—$369,770—but it did not show he had the financial capacity to pay that amount. The defect in

---

[7]     "[S]trict compliance with a statute is warranted when our Legislature evinces its intent that the statute's requirements are to be followed precisely. We may infer such an intent when . . . 'the Legislature has provided a detailed and specific mandate . . . .'" (*Prang v. Los Angeles County Assessment Appeals Bd. No. 2* (2020) 54 Cal.App.5th 1, 19.)

17

Cox's bid was not a mere technicality. (Cf. *The Chemical Toxin Working Group, Inc. v. The Kroger Co.*, *supra*, 120 Cal.App.5th at pp. 296-297 [Proposition 65 pre-suit notice that provided contact information for the plaintiff's law firm and was signed by an attorney from the firm substantially complied with Health & Safety Code section 25249.6, even though the notice did not provide contact information for a specific attorney at the firm].) Because it was not in the form of cash or a cashier's check, Cox's bid did not comply with one of the primary objectives of section 2924m: ensuring the bidder is financially able to purchase the property. (See *Applegate v. Carrington Foreclosure Services, LLC*, *supra*, 112 Cal.App.5th at pp. 362, 366-367 [bidder who submitted a notice of bid and a cashier's check, but no affidavit stating the requirements for a "prospective owner-occupant," did not substantially comply with section 2924m].)

The cases Cox relies on are distinguishable. In *Manderson-Saleh v. Regents of University of California* (2021) 60 Cal.App.5th 674 the court held a university employee substantially complied with a regulation requiring the employee to submit a signed beneficiary election form before death, where the employee communicated her beneficiary designation "in an equivalent written form before the employee's death," and there was "no dispute that the written designation reflected the employee's final intent." (*Id.* at p. 704.) In *Stasher v. Harger-Haldeman* (1962) 58 Cal.2d 23 the Supreme Court held an automobile dealer substantially complied with a statute governing conditional sale contracts, despite a typographical error and several other "unsubstantial imperfections" that "could not reasonably mislead" the buyer. (*Id.* at pp. 29, 32-33.)

18

Cox characterizes his failure to submit cash or a cashier's check as a "technical formal deviation," similar to the imperfect sales contract in *Stasher* and use of the wrong form in *Manderson-Saleh*. Cox contends the "absence of a physical paper instrument is precisely the kind of technical formal deviation that *Stasher* holds immaterial when the statutory substance is met." Cox, however, did not use the wrong form or make a typographical error; he completely disregarded the statutory requirement a bid be in the form of cash or a cashier's check.

3. *Cox Did Not Create a Triable Issue of Material Fact Regarding Whether Allstar Waived Its Objections to the Form of His Bid*

Cox argues "Allstar waived any objection to the form of Cox's tender by failing to state a specific objection at the time." Cox again forfeited this argument by not raising it in his opposition to Allstar's motion for summary judgment on his complaint. (See *Kime v. Dignity Health, Inc.*, *supra*, 101 Cal.App.5th at p. 721.)[8]

Even if not forfeited, the argument is meritless. Cox relies on Code of Civil Procedure sections 2074 and 2076. Code of Civil Procedure section 2074 states: "An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender of the money, instrument, or property." Code of Civil Procedure section 2076 states: "The person to whom a tender is made must, at the time, specify any

---

[8] Cox made the argument for the first time in his opposition to Allstar's motion for summary judgment on Cox's cross-complaint.

19

objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards."

As an initial matter, Cox does not explain why statutes governing tender should apply to bids under section 2924m. "A tender is an unconditional offer to perform [in] order to extinguish an obligation." (*Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 783; see *Waterwood Enterprises, LLC v. City of Long Beach* (2020) 58 Cal.App.5th 955, 970.) "When properly made, a tender puts the other party in default if he or she refuses to accept it." (*Waterwood*, at p. 970; see *Still v. Plaza Marina Commercial Corp.* (1971) 21 Cal.App.3d 378, 385.) "'The purpose of [Code of Civil Procedure] section 2076 . . . is to allow a debtor who is willing and able to pay his debt to know what his creditor will demand, so that he may, if he chooses, make his offer conform.'" (*Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 741; accord, *Gaffney v. Downey Savings & Loan Assn.* (1988) 200 Cal.App.3d 1154, 1166; *Sanguansak v. Myers* (1986) 178 Cal.App.3d 110, 115; see *Little v. Pullman* (2013) 219 Cal.App.4th 558, 567 [creditor objected to the debtor's tender of a five-month-old check from an unknown entity].)

Cox argues he "tendered the full amount," but section 2924m does not require a bidder to "tender" (make an offer), as that term is used in Code of Civil Procedure section 2076; section 2924m requires a bidder to submit a bid "in the form of cash [or] a cashier's check." (*Id.*, subd. (c)(4)(A).) In making a bid under section 2924m, Cox was not attempting to

20

pay a debt or extinguish an obligation to Allstar; he was following (or attempting to follow) a statutory procedure. Code of Civil Procedure section 2076 did not require Allstar to tell Cox how he fell short of what section 2924m required.

Even if Code of Civil Procedure section 2076 were relevant to bidding under section 2924m, Allstar did not waive its objections to Cox's bid. Code of Civil Procedure section 2076 is "intended to enable a debtor to pay his debt without being later confronted with hidden objections which could have been obviated." (*Gaffney v. Downey Savings & Loan Assn.*, *supra*, 200 Cal.App.3d at p. 1166; see *Sanguansak v. Myers*, *supra*, 178 Cal.App.3d at p. 116.) Cox's bid was inadequate because it was not in the form of cash or a cashier's check. That requirement was imposed by section 2924m, not by Allstar. And it was not hidden. (See *Gaffney*, at p. 1166 [Code of Civil Procedure section 2076 does "not apply where, as here, the amount of the creditor's demand is known to the debtor and the amount of the tender is wholly insufficient"]; see also *McElroy v. Chase Manhattan Mortgage Corp.* (2005) 134 Cal.App.4th 388, 394 [Code of Civil Procedure section 2076 did not apply where the debtors "knew the precise amount of their creditor's demand" but "'tendered' a worthless piece of paper"].)[9]

---

[9] Cox argues that *Gaffney v. Downey Savings & Loan Assn.*, *supra*, 200 Cal.App.3d 1154 "applied the waiver provisions of . . . Code of Civil Procedure section 2076 in the deed-of-trust context" and "is dispositive." But in *Gaffney* the court held the lender did *not* waive its objections under Code of Civil Procedure section 2076. In that case the borrowers defaulted on their loan and later submitted partial payments. (*Gaffney*, at pp. 1164-1165.) The lender sent "notices of payment error" stating

21

Trying to recharacterize the issue as an objection to the form of payment, Cox argues "Allstar waived the right to complain in this litigation that Cox tendered cash instead of a physical cashier's check." But Allstar did not argue in the trial court (and does not argue on appeal) Cox offered cash rather than a cashier's check; Allstar argued Cox did not submit either cash or a cashier's check.

### 4. *Cox's Remaining Arguments Lack Merit*

Cox raises several other arguments, none of which has merit. First, Cox argues "Allstar could not lawfully rescind the sale after receiving Cox's eligible [notice of intent to bid] and bid." He asserts: "Once an eligible bidder submits a qualifying notice of intent and bid, they acquire vested procedural rights under the statute . . . ." We need not decide whether Allstar violated section 2924m by rescinding the trustee's deed because, as discussed, Cox did not submit a bid in the form section 2924m required and therefore did not acquire any procedural rights Allstar could have violated.

Second, Cox argues Allstar did not carry its initial burden on summary judgment because "Allstar's summary judgment moving papers ignored the futility doctrine and the [Code of Civil Procedure] Section 2076 waiver theory, despite Cox having raised these issues during the litigation." Allstar, however, did not have to negate Cox's futility and waiver theories because Cox did not

---

"foreclosure was imminent" and advising the borrowers to contact an employee for the amount due. (*Id.* at p. 1166.) The court held that the borrowers did not make a valid tender and that the lender complied with Code of Civil Procedure section 2076. (*Gaffney*, at pp. 1166-1167.)

22

allege those theories in his first amended complaint.  (See *Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250 [the "materiality of a disputed fact is measured by the pleadings [citations], which 'set the boundaries of the issues to be resolved at summary judgment'"]; *Agustin v. Golden Empire Transit Dist.* (2025) 116 Cal.App.5th 426, 442 ["'the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint*; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings'"].)

Cox asserts that in *Mosley v. Pacific Specialty Ins. Co.* (2020) 49 Cal.App.5th 417 the "court held that a moving party's failure to address a known legal theory or defense in its moving papers means the 'burden never shifted,' and 'summary judgment therefore should have been denied.'"  But the court in *Mosley* did not state, much less hold, a moving party had to discuss a known but unalleged legal theory or defense.  In *Mosley* the defendant insurer moved for summary adjudication on the plaintiff's cause of action for breach of contract, arguing the plaintiff's claim was excluded as a "hazard 'increased by any means within the control or knowledge of the insured.'"  (*Id.* at pp. 421, 423.)  To meet its initial burden, the insurer had to prove the claim fell within the exclusion.  (*Id.* at p. 423.)  The court held that, because there was a triable issue of material fact regarding whether a tenant's conduct was within the insured's "'control or knowledge,'" the insurer did not meet its initial burden.  (*Id.* at p. 435.)  In contrast, Allstar negated an essential element of Cox's cause of action under section 2924m by presenting undisputed evidence Cox did not submit a bid in the form of cash or a cashier's check.  (See *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 849

23

[defendant meets its initial burden by showing "'that one or more elements of the cause of action . . . cannot be established'"].)

Third, Cox argues Allstar did not meet its initial burden to show section 2924m did not apply to the property. Because the trial court did not grant Allstar's motion for summary judgment on the ground section 2924m did not apply to the property, and we do not affirm on that ground, we need not reach the issue. Similarly, because Cox did not comply with the requirements of section 2924m, we do not decide whether section 2924m creates a private right of action for a bidder who complies with the statute's requirements.

> C. *The Trial Court Did Not Err in Granting Allstar's Motion for Summary Adjudication on Cox's Cause of Action for Unfair Competition*

The Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." The trial court granted summary adjudication on Cox's cause of action for unfair competition on the ground that cause of action was premised on Allstar's violation of section 2924m. Cox argues that, even if Allstar's practices were not unlawful, they were unfair and fraudulent. (See *Capito v. San Jose Healthcare System, LP* (2024) 17 Cal.5th 273, 284 [under Business and Professions Code section 17200 "'"a practice is prohibited as "unfair" or " deceptive," even if not "unlawful," and vice versa"'"].)

The problem with Cox's argument is that the only business practices he contends were unfair or fraudulent were actions Allstar took in connection with the section 2924m bidding

24

process. For example, Cox argues that, when "confronted with an eligible bidder seeking to exercise their statutory rights, Allstar deployed shifting pretexts to rescind the sale and extinguish those rights" and that "Allstar misrepresented that the sale was final and that [section] 2924m did not apply." Because Cox did not submit a valid bid under section 2924m, he was not injured by any unfair or fraudulent business practice Allstar might have committed. Therefore, he lacked standing under the Unfair Competition Law. (See *Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1346 [to have standing under the Unfair Competition Law, the plaintiff "must have personally suffered an invasion or injury to a legally protected interest"].)[10]

> D. *The Trial Court Did Not Abuse Its Discretion in Denying Cox's Motion for Leave To Amend His Complaint*

Cox argues the trial court abused its discretion in denying his motion for leave to amend the complaint, which he filed two weeks after the court granted Allstar's motion for summary judgment. The court did not abuse its discretion.

"'Code of Civil Procedure section 473, subdivision (a)(1) permits a court, "in furtherance of justice," to "allow a party to amend any pleading . . . in any . . . respect."'" (*Duchrow v. Forrest* (2013) 215 Cal.App.4th 1359, 1377.) "'"A trial court has wide discretion to allow the amendment of pleadings, and generally courts will liberally allow amendments at any stage of the

---

[10] The trial court granted Allstar's motion for summary adjudication on Cox's remaining causes of action for declaratory relief and for injunctive relief (which is a remedy, not a cause of action). Cox does not challenge those rulings.

25

proceeding.'""' (*Hughes v. Farmers Ins. Exchange* (2024) 107 Cal.App.5th 73, 87; see *Ventura Coastal, LLC v. Occupational Safety & Health Appeals Bd.* (2020) 58 Cal.App.5th 1, 32.) "'But this policy applies "'only "[w]here no prejudice is shown to the adverse party.'""'" (*Hughes*, at p. 87; see *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 175.) In addition, '""'even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial.'""' (*Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746; see *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280.) We review an order denying a motion for leave to amend for abuse of discretion. (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242; *Asiryan v. Medical Staff of Glendale Adventist Medical Center* (2024) 100 Cal.App.5th 947, 973.)

Cox sought leave to amend his complaint to allege submitting a cashier's check would have been futile because Allstar decided section 2924m did not apply, recorded a trustee's deed on March 9, 2021, entered into a purchase and sale agreement with Demos, did not respond to Cox's March 25, 2021 letter, and did not display post-sale results online. The trial court denied Cox's motion, ruling that Cox was not diligent in seeking to amend his complaint and that Allstar would be prejudiced. The trial court stated that "the majority of the allegations sought to be added now were known to Cox before the instant litigation was filed" and that "Allstar would clearly be prejudiced by this proposed amendment, which would negate the granting of summary judgment in its favor on Cox's First Amended Complaint."

26

The trial court did not abuse its discretion in denying Cox's motion for leave to amend. Though Cox argues "he moved promptly to amend after the court identified the perceived deficiencies" in his complaint, he does not dispute he knew the facts underlying his proposed amendment before he filed his initial complaint. In addition, allowing Cox to file a new complaint would have significantly prejudiced Allstar, which had just successfully obtained judgment on the previous complaint. (See *Melican v. Regents of University of California, supra,* 151 Cal.App.4th at pp. 175-176 [where the plaintiffs sought leave to amend their complaint at the hearing on the defendant's motion for summary judgment, even though the plaintiffs had long been aware of the facts underlying the proposed amendment, it "would be patently unfair to allow plaintiffs to defeat [the] summary judgment motion by allowing them to present a 'moving target' unbounded by the pleadings"]; *Fisher v. Larsen* (1982) 138 Cal.App.3d 627, 649 [trial court did not abuse its discretion in denying a motion for leave to amend, where the plaintiff waited until the court granted the defendants' motions for summary judgment before seeking leave to amend], disapproved on another ground in *Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 259, fn. 11.)

In any event, in ruling on Cox's motion for a new trial, the trial court considered Cox's proposed allegations and ruled they did not "demonstrate Cox's compliance with the statutory requirements of section 2924m was rendered futile by actions taken by Allstar." (See *City of Norwalk v. City of Cerritos* (2024) 99 Cal.App.5th 977, 995 ["Because we have rejected the merits of this argument, amending to add a cause of action to support those merits would be futile."]; *Nelson v. Tucker Ellis, LLP* (2020)

27

48 Cal.App.5th 827, 848 [""[L]eave to amend should *not* be granted where . . . amendment would be futile.""]; *Huff v. Wilkins, supra,* 138 Cal.App.4th at p. 746 ["Leave to amend is properly denied when the facts are undisputed and as a substantive matter no liability exists under the plaintiff's new theory."].)

> E.     *The Trial Court Did Not Err in Granting Allstar's Motion for Summary Judgment on Cox's Cross-complaint*

Cox challenges the judgment in favor of Allstar on his cross-complaint solely on the ground "his status as the highest eligible bidder under section 2924m . . . grants him equitable title to the property." Because Cox did not submit a valid bid, the trial court did not err in granting Allstar's motion for summary judgment on Cox's cross-complaint.

## DISPOSITION

The judgment is affirmed. The order denying Cox's motion for leave to amend the complaint is affirmed. Allstar is to recover its costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.          FEUER, J.

28